RANKL, Respondent, vs. SCHMIDT and wife, imp., Appellants.

*September 25—October 15, 1907.*

*Appeal and error: Review: Questions of fact: Findings, when disturbed.*

1. A clear preponderance of evidence against a finding of the trial court is a preponderance so decided as to leave but little room for reasonable doubt upon the question.
2. In an action to enforce a mechanic's lien, upon all the evidence in the record bearing upon the controversy in question it is *held* that there was not such a clear preponderance thereof against the trial court's decision as to warrant a reversal.

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

Action to enforce a builder's lien in which the facts are found as follows:

April 13, 1904, plaintiff and defendant *Henry A. Schmidt* made a contract in respect to the work hereafter mentioned, whereby for $485 to be paid by the latter to the former on certificates given by agreed superintending architects, eighty-five per cent. of the estimated value of the work to be paid during the progress thereof "and the remainder on satisfactory completion and acceptance of the entire work after the expiration of thirty days after" the completion of the particular branch contracted for, the fifteen per cent. to be reserved as security for the faithful completion of the work with power to apply the same under the direction of the superintending architects to any damage under the contract, plaintiff promised to do the painting, glazing, and furnish all material in and about the same, in the erection and completion of a certain building, specified, the job to be done in a good, substantial, workmanlike manner according to the plans and specifications of Wolff & Ewens, architects, and to the satisfaction of and under the direction of said architects as superintendents, and to complete the work ready for use by July 1, 1904, subject to unavoidable delays by strikes. The specifications provided that all material for the several kinds of work should be of the best quality in the market and the work be done in a skilful and workmanlike manner; that all work should be cleaned before being painted; that all cracks should be puttied and stopped and all work sand-papered before putting on the second coat of paint. It was further agreed that all differences between the parties to the contract, as to the work to be performed under it or in relation to the plans, drawings, and specifications, should be decided by the architects, and, in case of additions to or deductions from the work agreed upon, that the value thereof to be added or

deducted from the contract price should be settled by the superintending architects, subject to arbitration in case of dissatisfaction. Plaintiff, on or about September 21, 1904, completed the work to the satisfaction of the superintending architects, but could not obtain from them a final certificate to that effect because said *Schmidt* ordered them not to furnish it. There were some trivial imperfections in the work, consisting of certain roughness in the finish, but no part of the work was omitted entirely. With the exception of the slight defects mentioned, plaintiff substantially complied with the contract. Such defects as there were in the performance of the contract were waived by said *Schmidt* by his paying more than half the contract price after the performance of the work and paying more than eighty-five per cent. of the contract price. Said *Schmidt* was bound by the expression of satisfaction by the superintendents. After said *Schmidt* expressed dissatisfaction with the work, plaintiff sent a man to remedy the claimed defects but he was not permitted to do so, nor was any time stated when the work could be done. The superintendents never gave any direction for the application of the last fifteen per cent. of the contract price in remedying defects because there were none of a damaging character in their judgment.

There were other findings which with the foregoing, if the latter are not contrary to the evidence, warranted the judgment complained of. That was in the ordinary form for the enforcement of a builder's lien for $70, balance due on contract, with costs.

*M. T. Halphide,* for the appellants.

For the respondent there was a brief by *Lenicheck, Fairchild & Boesel,* and oral argument by *F. T. Boesel.*

MARSHALL, J. The case does not present any intricate question of fact, nor any disputed questions of law on what we regard to be the single vital point.

It is conceded that full or substantial performance of the contract on respondent's part was a condition precedent to his having a right to recover thereon. It is conceded that whether there was such performance was not a judicial question, in the absence of satisfactory proof that the superintending architects either unjustly refused to perform the part assigned to them under the contract, or that they performed and their conduct in the matter was tainted with fraud or mistake. It is further conceded that such supervisory architects were, by agreement, given supreme authority to pass upon any controversy between the parties to the agreement, as to performance by respondent, and that their decision, if rendered as the agreement contemplated, bound both parties in the absence of fraud or mistake. There was no claim of fraud or mistake on the part of the architects rendering their decision, if they made one, open to impeachment. There is a controversy as to whether under the contract a final certificate by the superintending architects, evidencing their decision in favor of respondent as to full performance, was a condition precedent as to his having a right to recover on the contract, but we do not reach that subject before coming to a conclusion disposing of the appeal. There is a controversy as to whether the contract was in fact performed to the satisfaction of the superintending architects, and a further controversy as to whether they unjustly refused to give the respondent a final certificate of satisfaction with the work. Both, as indicated in the statement, were decided in respondent's favor. Both findings are challenged as against the clear preponderance of the evidence.

The main arguments in the case on both sides are in respect to the contentions above indicated. They present a question of the character often met with as to whether the trial court properly weighed the evidence. That is one of the most difficult questions which a superior jurisdiction has to deal with as regards overruling a decision of the trial

court, where it has the opportunity to meet witnesses face to face and has other advantages over the court which only has the benefit of a printed history of the trial. We have enlarged upon this subject too many times and too fully to leave anything more which can be helpfully said.

A clear preponderance of evidence against a trial court's finding, when such evidence must outweigh that which is in favor of such finding and all the advantages of the trial court which we have referred to, must necessarily be a preponderance so decided as to leave but little room for reasonable doubt on the question.

Following the usual custom in cases of an affirmance of a decision on a controverted question of fact, we shall not discuss the evidence and incorporate it in this opinion. Suffice it to say, all the evidence in the record bearing on the controversy in question has been read and weighed with all the care we can devote thereto, resulting in a conclusion that there is not that clear preponderance thereof against the trial court's decision warranting a reversal thereof. Hence the judgment must be affirmed.

*By the Court.*—The judgment of the circuit court is affirmed.